# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ART DOWLING**, *et al.*, | ) | **CASE NO.  5:05CV2589** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CITY OF BARBERTON**, *et al*., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |
| | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. # 16).

## I. PROCEDURAL BACKGROUND

Plaintiffs filed the original Complaint in the instant matter in the Court of Common Pleas of Summit County, Ohio, on September 30, 2005, alleging claims under 42 U.S.C. § 1983 and Ohio law.  (Dkt. # 1, Ex. A).  Plaintiff named as Defendants the City of Barberton, Barberton Police Department, and Barberton Police Officer John Does 1-5.  (Dkt. # 1, Ex. A).  On November 3, 2005, Defendants removed the case to this Court on the basis of Plaintiffs' federal claims.  (Dkt. # 1).  On January 17, 2006, the Court ordered the instant case closed, subject to reopening pending the outcome of state criminal proceedings against Plaintiff Art Dowling.  (Dkt. # 9).  The City of Barberton dropped the pending criminal charges on May 22, 2007, and the instant case was reopened on March 20, 2008, upon motion of Plaintiffs.  (Dkt. # 10, 11).

1

Plaintiffs filed an Amended Complaint on May 5, 2008, omitting the John Doe defendants, dropping their claims for declaratory relief and mandamus, and adding claims for selective prosecution and retaliatory prosecution.  (Dkt. # 15).  Defendants filed the instant Motion to Dismiss on May 22, 2008.  (Dkt. # 16).  Plaintiffs timely filed a Brief in Opposition and Defendants filed a Reply.  (Dkt. # 17, 18).

## II. FACTUAL BACKGROUND

This action arises from the July 9, 2005, search of Plaintiff Art Dowling's business and the subsequent seizure of several gaming machines by City of Barberton police officers.

According to the Amended Complaint, Plaintiff Art Dowling ("Dowling") owns and operates Magic Money, a business located in Barberton, Ohio.  Magic Money provides a number of gaming machines for customers to play on the business premises.  Plaintiff Skill Video owns the machines, and Plaintiff Dowling and/or Plaintiff Magic Money leases the machines from Skill Video.  (Dkt. # 15 at ¶¶ 1-5)

On July 8, 2005, police officers from the City of Barberton Police Department obtained a search warrant to conduct a search of the Magic Money business premises.  (Dkt. # 15 at ¶ 6; Dkt. # 16, Ex. A, pp. 1-2).  The warrant was issued by the Barberton Municipal Court upon the affidavit of Detective Gerard Antenucci ("Det. Antenucci") of the Barberton Police Department.  (Dkt. # 16, Ex. A, pp. 3-6).  Det. Antenucci's affidavit provided details of an investigation into the type and legality of gaming machines located at Magic Money.  The investigation included the use of a cooperating source who periodically was sent by police to play the machines at Magic Money, discussions Det.

2

Antenucci had with the Ohio Attorney General's Office, and consultation with gaming machine expert William A. Riedthaler.  (Dkt. # 16, Ex. A, pp. 3-6).  Officers from the Barberton Police Department executed the search warrant at Magic Money on July 9, 2005.  (Dkt. # 15 at ¶ 7).  During the course of the search, the officers seized forty-four gaming machines, cash in excess of $13,077.19, business records, equipment, and property.  (Dkt. # 15 at ¶ 7).

A second search warrant was issued by the Barberton Municipal Court on August 13, 2005, based upon a second affidavit provided by Det. Antenucci.  (Dkt. # 15 at ¶ 8; Dkt. # 16, Ex. B, pp. 1-11).  The warrant authorized officers to perform an internal search of the gaming machines in order to obtain mechanical and electronic data and information regarding the manufacture, identification, and use of the machines.  (Dkt. # 15 at ¶ 8; Dkt. # 16, Ex. C, pp. 1-4).

On September 30, 2005, Plaintiffs filed a complaint in the Summit County Court of Common Pleas, "seeking *inter alia*, declaratory relief as to the validity of their machines, as well as monetary damages and injunctive relief against the Defendants." (Dkt. # 15 at ¶ 25).  Defendants removed the action to this Court on November 3, 2005. (Dkt. # 1; Dkt. # 15 at ¶ 26).

On December 13, 2005, Plaintiff Dowling and two Magic Money employees were charged with misdemeanor offenses under Ohio's gambling laws.  (Dkt. # 15 at ¶ 27). The charges against Plaintiff Dowling were dismissed on May 22, 2007.  (Dkt. # 15 at ¶ 30).  All of Plaintiffs' seized property, including the gaming machines, were returned to

Plaintiff at that time.  (Dkt. # 15 at ¶ 30).[1]  Plaintiffs assert, however, that they were unable "to restore the operation of their business to its former success."  (Dkt. # 15 at ¶ 31).

## III. LAW AND ARGUMENT

A motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether the plaintiff has pleaded a cognizable claim.  Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).  Such a motion "may only be granted if it appears beyond doubt that the Plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Ang v. Procter & Gamble Co., 932 F.2d 540, 544 (6th Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "All allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant." Ang, 932 F.2d at 544. While the court must accept the plaintiff's *factual* allegations as true, "[t]he trial court need not accept as true [a plaintiff's] legal conclusions." See Lewis v. ACB Bus. Servs., 135 F.3d 389, 405 (6th Cir. 1998).

To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a), and provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47; Westlake v. Lucas, 537 F.2d, 857 858 (6th Cir. 1976). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds'

---

[1]   Plaintiffs' Amended Complaint contains two paragraphs numbered "30."  References herein to "Dkt. # 15 at ¶ 30" refer to both paragraphs.

of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted).  Rather, a plaintiff must provide in the complaint either direct or inferential allegations with respect to all material elements of the claim.  See Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003).

The Court notes at the outset that Defendant Barberton Police Department is not an independent entity, but rather a governmental unit of the City of Barberton.  Papp v. Snyder, 81 F.Supp.2d 852, 857 n.4 (N.D. Ohio 2000).  Therefore, the Barberton Police Department cannot properly be sued.  Williams v. Dayton Police Dept., 680 F.Supp. 1075, 1080 (S.D. Ohio 1987).  A claim against the Barberton Police Department is essentially a claim against the City of Barberton.  Accordingly, Plaintiffs' claims against Defendant Barberton Police Department are hereby dismissed.

Plaintiffs' Amended Complaint contains both federal and state law claims. Though the Court's supplemental jurisdiction allows the Court to hear Plaintiffs' state law claims, the Supreme Court has held that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well," in order to avoid "[n]eedless decisions of state law."  United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Likewise, 28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a state law claim if the court dismisses all claims over which it has original jurisdiction.  Therefore, the Court will first address Defendants' Motion to Dismiss with respect to Plaintiffs' federal claims.

5

### A. Count II: 42 U.S.C. § 1983

Count Two of the Amended Complaint alleges a cause of action under 42 U.S.C. § 1983 against the City of Barberton for the denial of Plaintiffs' "Constitutional rights guaranteed by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution as a result of an official policy, procedure, custom and/or officially sanctioned policy of acquiescence to the suppression of the rights of the Plaintiffs." (Dkt. # 15 at ¶ 44). Plaintiffs' § 1983 claim, therefore, is brought pursuant to Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. Monell, 436 U.S. at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. In order to ensure that a municipality is only held liable for the constitutional violations it actually causes, liability under § 1983 requires that the official policy is "the moving force of the constitutional violation." Id. at 694.

The Supreme Court has held that, for purposes of a motion to dismiss, Monell claims are not held to a more stringent pleading standard than that required by Rule 8(a) of the Federal Rules of Civil Procedure. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993). Plaintiffs, therefore, need not plead "with factual detail and particularity the basis for the claim." Id. (quoting Elliott v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985)). Thus, to survive a motion to

6

dismiss, a <u>Monell</u> plaintiff need only plead a constitutional violation and allege that the violation was caused by an official policy or custom.  <u>Doe v. Claiborne County</u>, 103 F.3d 495, 505 (6th Cir. 1996).

### 1. Plaintiffs have pled a constitutional violation.

#### a. Retaliation

In Count II of the Amended Complaint, Plaintiffs allege that "Defendants targeted Plaintiffs for criminal prosecution and/or improper seizure," and that such action by Defendants was "in retaliation of [sic] acts taken by Plaintiffs to seek redress with the Courts, as allowed by the U.S. and Ohio constitution."  (Dkt. # 15 at ¶ 43).  Viewed alongside the facts pled in the Amended Complaint, it is clear that Plaintiffs allege that the criminal prosecution commenced by the City of Barberton was carried out in retaliation for Plaintiffs' filing of the instant action in state court.  "[I]t is well established that an act in retaliation for the exercise of a constitutionally protected right is actionable under [42 U.S.C.] Section 1983 even if the act, when taken for a different reason, would have been proper."  <u>Smith v. Maschner</u>, 899 F.2d 940, 948 (10th Cir. 1990).  The Supreme Court has held that the right of access to the courts is protected under the First Amendment right to petition the government for redress of grievances.  <u>Woodford v. Ngo</u>, 548 U.S. 81, 122 (2006).  That right is made applicable to the states by incorporation into the Fourteenth Amendment.  <u>DeJonge v. Oregon</u>, 299 U.S. 353, 364 (1937).

To succeed on a First Amendment retaliation claim, a plaintiff must demonstrate: "(1) that she was engaged in a constitutionally protected activity; (2) that the defendant's

7

adverse action caused the plaintiff to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the adverse action was motivated at least in part as a response to the exercise of the plaintiff's constitutional rights." Strouss v. Michigan Dept. of Corrections, 250 F.3d 336, 345 (6th Cir. 2001)(internal citations omitted).

With respect to their retaliation claim, Plaintiffs have met the pleading requirements outlined above.  First, Plaintiffs have alleged that they were engaged in a constitutionally protected activity.  Plaintiffs allege that they were exercising their First Amendment right of access to the courts by bringing an action against Defendants for declaratory, injunctive, and monetary relief for the seizure of their gamine machines. (Dkt. # 15 at ¶ 25).  The exercise of the right of access to the courts is a protected activity.  Plaintiffs, therefore, have pled facts sufficient to satisfy the first element of a retaliation claim.

Next, Plaintiffs have alleged that Defendants formally charged Plaintiff Dowling and two of his employees with two misdemeanor charges.  (Dkt. # 15 at ¶ 27).  Such action, if taken for retaliatory purposes, would likely "deter a person of ordinary firmness" from the exercise of their constitutional rights.  See Thaddeus-X v. Blatter, 175 F.3d 378, 396-97 (6th Cir. 1999) (quoting Bart v. Telford, 677 F.2d 622, 625 (7th Cir. 1982)).  Plaintiffs have thus pled facts sufficient to satisfy the adverse action requirement of a First Amendment retaliation claim.

Finally, Plaintiffs have alleged that "[s]uch formal charges occurred only after Plaintiffs had already sued the Defendants, and took place over five (5) months after the

8

initial seizure of Plaintiffs' property," (Dkt. # 15 at ¶ 27), and that the filing of charges was done "in retaliation of [sic] acts taken by Plaintiffs to seek redress with the Courts, as allowed by the U.S. and Ohio constitution [sic]."  (Dkt. # 15 at ¶ 43).  The Sixth Circuit has noted that a plaintiff may allege a retaliatory motive on the part of a defendant by pointing to "[c]ircumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals."  Thaddeus-X, 175 F.3d at 399.  Having pled facts regarding the timing of the initiation of criminal charges by Defendants, Plaintiffs have sufficiently alleged a retaliatory motivation on the part of Defendants.

The Court therefore finds that Plaintiffs have sufficiently alleged a constitutional violation – namely, an act in retaliation for the exercise of their First Amendment rights – for purposes of § 1983.

### b. Fourth Amendment

Plaintiffs also allege that "[w]hile Plaintiff Dowling was entitled to be free from unreasonable search and/or seizure pursuant to the Constitutional protections afforded him under the Fourth Amendment, this remedy was effectively denied by the Defendants when they effectuated a search of the Business."  (Dkt. # 15 at ¶ 50).  It is clear that a violation of an individual's Fourth Amendment rights against unreasonable search and seizure is actionable under § 1983.  See Monroe v. Pape, 365 U.S. 167 (1961).  Plaintiffs allege that the warrants obtained by Det. Antenucci "contained false and misleading statements of a material nature such that but for the false and misleading information the warrants would not have been granted." (Dkt. # 15 at ¶ 7).

Where a search was conducted pursuant to a warrant, however, a Plaintiff attacking the validity of the warrant based upon the supporting affidavit must show: (1) that an officer intentionally, or with reckless disregard for the truth, included a false statement or omission that created a falsehood in the warrant application; and (2) that the allegedly false or omitted information was material to the finding of probable cause. Franks v. Delaware, 438 U.S 154, 171 (1978); Peet v. City of Detroit, 502 F.3d 557, 570 (6th Cir. 2007)(internal quotations omitted).  To properly allege a Franks violation, a "[plaintiff]'s attack must be more than conclusory," and must include "allegations of deliberate falsehood or of reckless disregard for the truth," as well as "point out specifically the portion of the warrant affidavit that is claimed to be false."  Franks, 438 U.S. at 171.

Plaintiffs' Amended Complaint does not meet these requirements.  Under the "Statement of Facts" section of the Amended Complaint, Plaintiffs allege:

> [The July 9] warrant was deficient on its face, and violated the constitutional rights of the Plaintiffs and were [sic] not sought in good faith and/or contained false and misleading statements of a material nature such that but for the false and misleading information the warrant would not have been granted, and that as a matter of law, probable cause did not exist to grant the search warrants and were [sic] in violation of the constitutional rights of the Plaintiffs.

(Dkt. # 15 at ¶ 7).  Plaintiffs further assert that "[t]he warrants were issued under the pretense that Plaintiffs operated a gambling operation or gambling house in violation of Revised Code Section 2915 *et seq*."  (Dkt. # 15 at ¶ 14).  Nowhere in the Complaint, however, do Plaintiffs allege that any particular officer made deliberately false statements in support of the warrant, nor "point out specifically the portion of the warrant affidavit

that is claimed to be false." <u>Franks</u>, 438 U.S. at 171.  All of Plaintiffs' allegations are vague and conclusory with regard to the "false and misleading information" contained in the warrants.  As such, Plaintiffs have failed to properly allege a violation of their Fourth Amendment rights under <u>Franks</u>.

Additionally, the Court finds that, to the extent that Plaintiffs allege that either warrant was deficient on its face, Plaintiffs provide no support for such a claim. Plaintiffs' conclusory allegations regarding the information provided in support of the warrants are unrelated to a claim that a warrant is facially invalid.  That is, a <u>Franks</u> claim is meant to attack a facially *valid* warrant that was obtained by deliberately false and misleading allegations.  Therefore, a claim of facial invalidity cannot be supported by allegations that a warrant was obtained by false and misleading statements.  <u>See</u> <u>Kohler v. Englade</u>, 470 F.3d 1104, 1114 (5th Cir. 2006) (holding that <u>Franks</u> is inapplicable where a warrant is facially invalid).  While Plaintiffs may plead a <u>Franks</u> claim and, in the alternative, a claim of facial invalidity, they have not done so in the instant case.  Because Plaintiffs provide no support for a claim that either warrant was deficient on its face, they have failed to properly allege a Fourth Amendment violation on such grounds.

### c. Fifth Amendment

Plaintiffs also allege in Count Two that they "were denied their Constitutional rights guaranteed by the…Fifth, Sixth, and Fourteenth Amendments of [sic] the United States Constitution."  (Dkt. # 15 at ¶ 44).  Specifically, Plaintiffs allege violations of "their rights of due process,…equal protection under the law, and/or the taking of their

11

property without justification and/or just compensation, and the usurping of their rights to liberty." (Dkt. # 15 at ¶ 11).

The Fifth Amendment to the United States Constitution provides, in pertinent part, that "private property [shall not] be taken for public use, without just compensation." U.S. CONST. amend. V.  Plaintiffs appear to allege that the seizure of their gaming machines by the City of Barberton constituted an unlawful taking under the Takings Clause of the Fifth Amendment.  (Dkt. # 15 at ¶ 11).  That claim fails for several reasons.

First, the "seizure of private property implicated in the commission of crimes is not viewed through the prism of the takings clause."  Laguna Gatuna, Inc. v. United States, 50 Fed.Cl. 336, 341 (Fed.Cl. 2001).  Plaintiffs' machines were seized pursuant to a search warrant as part of a criminal investigation.  Accordingly, the Takings Clause is not applicable, and Plaintiffs have failed to allege a violation of their Fifth Amendment rights against the taking of private property without just compensation.

Second, where private property is taken, but not for public use, the owner of such property cannot sustain a claim under the Takings Clause of the Fifth Amendment.  Hernandez v. City of Lafayette, 643 F.2d 1188, 1200 n.26 (5th Cir. 1981).  "A claimant under the Takings Clause must show that the government, by some specific action, took a private property interest for a public use without just compensation."  Adams v. United States, 391 F.3d 1212, 1218 (Fed. Cir. 2004)(citing Hodel v. Va. Surface Mining & Reclamation Ass'n., 452 U.S. 264, 294 (1981)).  Because Plaintiffs have not alleged that the machines were taken for public use, they have failed to properly allege a violation of their rights guaranteed by the Takings Clause of the Fifth Amendment.

### d. Sixth Amendment

The Sixth Amendment to the United States constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district where in the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend. VI.  Thus, the Sixth Amendment guarantees an individual's rights as a defendant in a criminal trial.  The grounds for Plaintiffs' Sixth Amendment claim are not at all clear from the face of the Amended Complaint.  Plaintiffs have failed to identify which of their rights under the Sixth Amendment were allegedly violated, or how any alleged violation occurred.    Accordingly, Plaintiffs have failed to properly allege a violation of their Sixth Amendment rights.

### e. Fourteenth Amendment

The Fourteenth Amendment to the United States Constitution provides, in pertinent part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, § 2.    Plaintiffs allege violations of their Fourteenth Amendment rights to due process and equal protection.  (Dkt. # 15 at ¶ 30).

Plaintiffs first allege that Defendants violated their due process rights in seizing the gaming machines. (Dkt. # 15 at ¶ 11). Plaintiffs do not specifically identify their claim as one alleging a violation of substantive due process. If the Court were to construe the Amended Complaint to assert such a claim, however, the claim fails. "To state a cognizable substantive due process claim, the plaintiff must allege conduct intended to injure in some way unjustifiable by any government interest and that is conscience-shocking in nature." Mitchell v. McNeil, 487 F.3d 374, 377 (6th Cir. 2007)(internal quotations omitted). Plaintiffs have not alleged that Defendants acted with an unjustifiable intent to injure, nor that Defendants' actions in obtaining a search warrant and seizing the machines was "conscience-shocking." Additionally, the constitutionality of a seizure of property by state actors is properly analyzed through the lens of the Fourth Amendment, which provides a specific textual protection against unreasonable seizures, rather than the more general substantive due process rights afforded by the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 395 (1989). Therefore, Plaintiffs have failed to properly allege a substantive due process violation regarding the seizure of the gaming machines.

Likewise, if the Court were to construe Plaintiffs' due process claim as one alleging a violation of their rights to procedural due process, the claim fails. Procedural due process requires that, before the state interferes with an individual's protected life, liberty, or property interest, the individual be given adequate notice and an opportunity to be heard. United States v. James Daniel Good Real Property, 510 U.S. 43, 48 (1993). A plaintiff bringing a § 1983 action for a violation of procedural due process must show

14

that the state deprived him or her of a constitutionally protected interest in "life, liberty, or property" without due process of law.  Zinermon v. Burch, 494 U.S. 113, 125 (1990).  While Plaintiffs may have a protected property interest in the machines that were seized, Plaintiffs do not state how they were denied procedural due process by Defendants' procurement and execution of a search warrant.  Plaintiffs also fail to state the process to which they were entitled in addition to the search warrant issued by the Barberton Municipal Court.  Finally, as in the substantive due process context, the constitutionality of a seizure of property is properly analyzed under the Fourth Amendment rather than the procedural due process lens of the Fourteenth Amendment.  "The Fourth Amendment was tailored explicitly for the criminal justice system, and its balance between individual and public interests always has been thought to define the 'process that is due' for seizures of person or property in criminal cases."  Gerstein v. Pugh, 420 U.S. 103, 125 n.27 (1975).  Therefore, Plaintiffs have failed to allege a procedural due process violation regarding the seizure of the gaming machines.

> Plaintiffs next assert a Fourteenth Amendment due process violation in that:
>
> [A]t no time, during the pendency of Plaintiffs' criminal matter, or after the enactment of the City of Barberton's ordinance, did the City of Barberton, shutdown, close, raid, and/or otherwise seize Mardi Gras' [similar] business.

(Dkt. # 15 at ¶ 30).  This claim fails on both procedural due process and substantive due process grounds.  For purposes of procedural due process, Plaintiffs do not allege that they were deprived of a constitutionally protected interest in life, liberty, or property as a result of Defendants' alleged dissimilar treatment of another business.  Similarly, under a

substantive due process framework, Plaintiffs allege neither an unjustifiable intent to injure on the part of Defendants, nor that Defendants' conduct regarding other businesses rose to the level of "conscience-shocking."  Plaintiffs, therefore, have failed to properly allege a violation of their due process rights under the Fourteenth Amendment regarding Defendants' treatment of a similar business.

Finally, Plaintiffs assert that their Fourteenth Amendment rights to equal protection were violated both by the seizure of their gaming machines, and by the City of Barberton's alleged failure to investigate and prosecute other similar businesses.  (Dkt. # 15 at ¶¶ 11, 30).   The Sixth Circuit has developed a three-part test for determining whether selective enforcement of laws in violation of the Equal Protection Clause has occurred:

> First, [an official] must single out a person belonging to an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution even though he has decided not to prosecute persons not belonging to that group in similar situations. Second, [the official] must initiate the prosecution with a discriminatory purpose. Finally, the prosecution must have a discriminatory effect on the group which the defendant belongs to.

Gardenhire v. Schubert, 205 F.3d 303, 319 (6th Cir. 2000)(quoting United States v. Anderson, 923 F.2d 450, 453 (6th Cir.1991)).  Plaintiffs have failed to allege that they were singled out for prosecution because they are members of an identifiable group.  Furthermore, they have failed to allege that Defendants acted with a discriminatory purpose in initiating the prosecution.   Plaintiffs have, therefore, failed to allege a violation of equal protection under the Fourteenth Amendment.

### f. Conclusion

16

For the foregoing reasons, the Court finds that for purposes of the instant motion, Plaintiffs have properly alleged a constitutional violation only with regard to Defendants' commencement of criminal proceedings against Plaintiff Dowling in retaliation for Plaintiffs' exercise of their First Amendment rights.

The Court further finds that Plaintiffs have failed to properly allege a violation of their constitutional rights under the Fourth, Fifth, Sixth, or Fourteenth Amendments.[2]

### 2. Plaintiffs have alleged that an official policy or custom caused the violation.

Having properly alleged a constitutional violation, Plaintiffs must also allege that an official policy or custom of the City of Barberton was the moving force behind the violation.  Monell, 436 U.S. at 694.  Plaintiffs may satisfy this requirement in one of two ways.  First, they may show that an official policy of the City, "made by its lawmakers or by those whose edicts may fairly be said to represent official policy," was a "moving force" behind the alleged violation of Plaintiffs' constitutional rights.  Id. at 695; see also Board of City Commissioners of Bryan City v. Brown, 520 U.S. 397, 403-04 (1997).  In the absence of such official policy, Plaintiffs may satisfy the requirement by showing that charges were brought against Plaintiff Dowling pursuant to an unofficial policy or custom that, though not "formally approved by an appropriate [City] decisionmaker," is "so widespread as to have the force of law." Brown, 520 U.S. at 404; see also Monell, 436 U.S. at 690-691.

---

[2] To the extent that the rights guaranteed by the First Amendment are made applicable to the states by incorporation in the Fourteenth Amendment, Plaintiffs have properly stated a violation of their Fourteenth Amendment rights with regard to their retaliation claim.

In the instant case, Plaintiffs allege that criminal charges were brought against Plaintiff Dowling by Defendants acting through "policymakers[] and/or public officials." (Dkt. # 15 at ¶ 27).  While this allegation lacks any specific factual detail, the Court finds that it is sufficient to satisfy the notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  See Leatherman, 507 U.S. at 168; see also Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988) ("[A] claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the [defendants'] conduct conformed to official policy, custom, or practice.") (internal quotations omitted). Therefore, for purposes of the instant Motion, Plaintiffs have properly alleged that the constitutional violation, namely retaliation for the exercise of their First Amendment rights, was caused by an official policy or custom.

### B. Counts I, III, IV, V, VI, and VII: Plaintiffs' State Law Claims

As Plaintiffs have properly alleged a retaliation claim under federal law, the Court may exercise its supplemental jurisdiction over Plaintiffs state law claims.  Gibbs, 383 U.S. 726.  In the Amended Complaint, Plaintiffs bring claims against the City of Barberton for Tortious Interference with a Prospective Business Advantage (Count I), Defamation (Count III), Conversion (Count IV), Malicious Prosecution (Count V), Selective Prosecution/Selective Enforcement (Count VI), and Retaliatory Prosecution (Count VII).  All of these claims are brought pursuant to Ohio law.

Defendants asserts that, as a political subdivision, the City of Barberton is immune from suit with regard to Plaintiffs' state law claims under Ohio Rev. Code § 2744.

18

Section 2744.01(F) defines "political subdivision" as "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." The City of Barberton is, therefore, a political subdivision under Ohio law.

Under O.R.C. § 2744.02(A)(1), subject to limited exceptions, "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." The exceptions to immunity are enumerated under O.R.C. § 2744.02(B)(1-5). Plaintiffs have not alleged, and the Court does not find, that any of the exceptions apply in the instant matter. Instead, Plaintiffs argue in their Response in Opposition that O.R.C. § 2744.09(E) precludes immunity. (Dkt. # 17 at 13). Section 2744.09 provides, in pertinent part:

> This chapter does not apply to, and shall not be construed to apply to, the following:
> \*\*\*
> (E) Civil claims based upon alleged violations of the constitution or statutes of the United States, except that the provisions of section 2744.07 of the Revised Code shall apply to such claims or related civil actions.

O.R.C. § 2744.09. Plaintiffs contend that the instant "matter is a civil claim based upon alleged violations of the constitution or statutes of the United States," and that, therefore, the immunity provisions of § 2744.02(A)(1) are not applicable. (Dkt. # 17 at 13).

Defendants misinterpret the scope of § 2744.09(E) and its applicability to their Amended Complaint. While the claims brought in Count II pursuant to 42 U.S.C. § 1983

19

are clearly based upon the constitution and statutes of the United States, the remaining counts in the Amended Complaint are state law claims.  As such, they are not based upon alleged violations of rights guaranteed by the U.S. Constitution or federal law.  The fact that Plaintiffs' state law claims are presented in a complaint that also includes a claim under federal law does not bring them within the scope of O.R.C. § 2744.09(E).  Similarly, Plaintiffs' assertion in Count VI of constitutional violations associated with their claim of selective prosecution/selective enforcement does not elevate the claim to a constitutional one.   See Browning v. City of Chillocothe, 1995 WL 767916 (Ohio App. 4 Dist. 1995) ("Where a [state law] claim…incorporates allegations of a constitutional deprivation,…but sounds in tort, a constitutional claim is not involved.").

Therefore, Plaintiffs' state law claims against the City of Barberton are barred by the immunity provisions of O.R.C. § 2744.02(A)(1).  Accordingly, the claims presented in Counts I, III, IV, V, VI, and VII are hereby **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **GRANTED in part** and **DENIED in part**.  (Dkt. # 16).

Because the Barberton Police Department cannot properly be sued, the Barberton Police Department is hereby **DISMISSED** as a Defendant in the instant matter.

Defendant City of Barberton's Motion is hereby **GRANTED** with respect to Counts I, III, IV, V, VI, and VII of the Amended Complaint.  Accordingly, Counts I, III, IV, V, VI, and VII of the Amended Complaint are hereby **DISMISSED**.

Defendant City of Barberton's Motion is hereby **DENIED** with respect to the retaliation claim presented in Count II of the Amended Complaint.  This matter shall proceed solely upon Plaintiffs' claim, brought pursuant to 42 U.S.C. § 1983, that Defendant City of Barberton instituted criminal charges against Plaintiff Dowling in retaliation for the exercise of Plaintiffs' First Amendment right of access to the courts.

All other claims presented in Count II of the Amended Complaint are hereby **DISMISSED**.

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus – September 24, 2008**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**